Vik Pawar, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TERRY JONES,

                Plaintiff,                **FIRST AMENDED COMPLAINT**

      -against-                  Jury Demand

                                      15 CV 573 (NG) (MDG)

THE CITY OF NEW YORK, P.O. RICHARD
CLERI, P.O. STEVEN FRANZEL,
JOHN AND JANE DOES, 1-10, ET AL.,

                Defendants.
-------------------------------------------------------------x

        Plaintiff TERRY JONES (hereinafter "Plaintiff") by and through his attorney, Vik Pawar, Esq., respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of him civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

**JURISDICTION**

      2.    The action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

      3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6. Plaintiff has duly complied with conditions precedent to the lawsuit by duly and properly filing a notice of claim within ninety (90) days of the occurrences of the events giving rise to him lawsuit.

## PARTIES

7. Plaintiff is a citizen of the United States, and at all relevant time resident in the County of Kings, State of New York.

8. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant New York City Police Department (hereinafter "NYPD") is an agency that is controlled and operated by the City and is duly organized and formed by defendant City under and by virtue of the laws of the State of New York.

10. Defendants Cleri and Franzel, John and Jane Does are/were employees of the NYPD and are alleged to have acted under the color of state law and are sued in their individual, supervisory and official capacities.

## FACTS

11.     Plaintiff Terry Jones (hereinafter "plaintiff") is an African-American male, 47 years old and resident of the County of Kings, State of New York.

12.     On September 25, 2013, plaintiff resided at 1370 Eastern Parkway, Brooklyn, New York.

13.     Plaintiff was coming back from a birthday party and had purchased food that he intended to consume.

14.     Plaintiff sat on a stop outside his apartment building and was eating his food from the food container.

15.     As plaintiff ate his food, he observed several young men down the block from his building congregating.

16.     Soon thereafter, plaintiff observed several cars pull-up the one way street. These were obviously undercover police cars.

17.     As soon as the officers got out of the car, the young men down the street began running away from the undercover police officers.

18.     The officers were unable to apprehend any of the young men.

19.     As the defendants retreated to their respective vehicle, they observed plaintiff sitting on his stoop.

20.     One of the defendants asked plaintiff "What are you doing?"

21.     Plaintiff stated that he was just minding his own business and eating his food.

22.     As soon as the plaintiff uttered those words, one of the defendants flung

the food container from plaintiff's hands, grabbed plaintiff by his neck and threw him against the metal fence in front of the building.

23. The defendant then pressed plaintiff's face on to the metal fence and stated "you trying to be a wise guy?"

24. When plaintiff said "No," he was thrown to the ground and handcuffed.

25. Plaintiff was charged with a false charge of "assaulting an officer."

26. Plaintiff was taken to the 73rd precinct, held overnight, brought to central booking and then taken to Rikers.

27. Because of the severity of the false charges, plaintiff's case was transferred from criminal court to supreme court.

28. After spending (7) seven days at Rikers, the false charges against plaintiff were dismissed and he was released from Rikers.

## AS AND FOR A FIRST CAUSE OF ACTION
### (False Arrest and Excessive use of Force)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. There was no probable cause for the arrest, seizure or the continued incarceration of plaintiff and as such it resulted in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

31. In addition, there was no need for force let alone excessive force because plaintiff was alone, not resisting and the defendant officer was surrounded by his colleagues and they all had their weapons.

32. As a result of the aforementioned conduct of defendants, Plaintiff

constitutional right to be free from unreasonable search and seizure violated and he sustained physical injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
**(Deprivation of Rights under the Fourteenth Amendment-Due Process)**

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by defendants deprived the substantive and procedural due process afforded to plaintiff and in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments. Defendants filed false charges against plaintiff, communicated those charges to the DA's office for prosecution, failed to withdraw those false charges and continued the prosecution until the falsity of the charges became apparent and they were dropped.

35. As a result of the foregoing, Plaintiff was deprived of his liberty and right to procedural and substantive due process, causing him injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Deprivation of Rights under 42 U.S.C. Sections 1981)**

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants arrested plaintiff solely based on his race and color.

38. Plaintiff was targeted simply because of his color and deprived of the

equal protection of the laws and discriminated against by the defendant's conduct described in this complaint.

39. As a result of defendants' conduct, plaintiff was injured and suffered economic damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Denial of Right to fair Trial)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants, collectively and individually, fabricated a false charge against plaintiff.

42. Defendants then forwarded the false charge to the DA's office knowing full well that plaintiff would likely be prosecuted on the severe charge of assault on an officer.

43. Yet they trumped up the charges and denied plaintiff right to a fair trial..

44. Defendants, collectively and individually were directly and actively involved in violating Plaintiff's constitutional rights.

## AS AND FOR AN FIFTH CAUSE OF ACTION
### (Malicious Abuse of Process)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Upon information and belief, defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual defendants who

conducted and participated in the violation of Plaintiff' rights.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Respondeat Superior liability under the laws of the State of New York)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants are vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (*Monell*/Municipal/Supervisory Liability)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting innocent individuals without any probable cause simply to generate overtime. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

54. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests/detentions without questioning the facts underlying same.

55. As a result of the failure of the City and Police Department to properly train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount One Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
      June 22, 2015

By: *[signature]*

Vik Pawar, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

Vik Pawar (VP9101)
Attorney for Plaintiff